IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRISTOPHER SAWYER,

    Plaintiff,

v.                                                           No. 03-2261 B

CITY OF MEMPHIS, et al.,

    Defendants,

and

BRITT SHANE HUTCHINSON,

    Plaintiff,

v.

CITY OF MEMPHIS, et al.,

    Defendants.

_____

ORDER GRANTING DEFENDANTS HANNAH AND KOSSO'S MOTION FOR SUMMARY
JUDGMENT AS TO SAWYER'S CLAIM OF INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS AND GRANTING DEFENDANTS HANNAH AND KOSSO'S
MOTION TO DISMISS PLAINTIFFS' ASSAULT AND BATTERY AND
TENNESSEE CONSTITUTIONAL CLAIMS
_____

       Before the Court is the motion of Defendants Frank Hannah and A. Kosso ("Defendants"), pursuant to Rules 12(b)(6) and 56(c) of the Federal Rules of Civil Procedure, to dismiss and for summary judgment. For the reasons set forth below, the Court GRANTS the Defendants' motion.

BACKGROUND

       Plaintiffs, Christopher Sawyer and Britt Shane Hutchinson, brought this action alleging that the Defendants, as well as the City of Memphis, Mayor Willie Herenton, and Memphis Police

Department Director James Bolden, violated their constitutional and state law rights in connection with a stop by the Defendants on April 21, 2002 in Overton Park in Memphis, TN. The specific facts giving rise to this action were fully detailed in the Court's April 2, 2004 order granting in part and denying in part the motion of the Defendants to dismiss the Plaintiffs' complaint and will not be repeated here. In the instant motion, Defendants seek summary judgment as to Sawyer's state law intentional infliction of emotional distress claim, and dismissal, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, of Sawyer and Hutchinson's state law assault and battery claims as well as all claims arising under the Tennessee Constitution.

## ANALYSIS

### I. Sawyer's State Law Intentional Infliction of Emotional Distress Claim

Defendants first assert that they are entitled to judgment as a matter of law, pursuant to Rule 56(c), Federal Rules of Civil Procedure, on Sawyer's state law claim for intentional infliction of emotional distress ("IIED"), otherwise known as outrageous conduct. See Bain v. Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997) ("Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action."). Rule 56 provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary

judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)).

In order to establish a claim of IIED in Tennessee, Sawyer must demonstrate that the conduct complained of (1) was intentional or reckless; (2) was so outrageous so as not to be tolerated by civilized society; and (3) resulted in serious mental injury. Bain, 936 S.W.2d at 622. In the instant motion, Defendants maintain that Sawyer has not suffered the mental injury required to maintain his claim. In support, they cite Sawyer's sworn answer to an interrogatory in which he fails to assert any injuries resulting from the April 2002 encounter other than those related to his back. Specifically, Sawyer averred as follows:

> INTERROGATORY NO. 17: Describe in detail each and every illness, emotional or physical, you have suffered as a result of the incident out of which this litigation arose. This includes, but it not limited to a description of each and every symptom and ailment you suffer.
>
> Answer: I have serious chronic back pain as a result of the damage done to my back in this incident. I have a general weakness over the left side of my body in comparison to the right side.

(Answer Sawyer First Interrogs. at No. 17.) In response, Sawyer asserts that, under Tennessee law, he is not required to demonstrate mental "injury" as inquired into by the cited interrogatory, but rather, must show only mental "illness" as a result of the incident to prevail on his claim. "Mental illness," according to Sawyer, is a "lifelong process" which "may be controlled with a class of drugs . . . that alter the user's serotonin levels." (Pl.'s Mem. Resp. Def. Mot. ("Pl.'s Resp.") at 4.) In

contrast, he maintains that the "mental injury" required to establish IIED is "typically provoked by a situation or incident rather than the person's brain chemistry" (Id. at 4-5.) Examples of such injury include, according to Sawyer, chronic headaches, insomnia or situational anxiety. (Id. at 4.) Relying on the Tennessee Supreme Court's decision in Miller v. Willbanks, 8 S.W.3d 607 (Tenn. 1999), Sawyer further asserts that, unlike the tort of negligent infliction of emotional distress, expert medical or scientific proof mental injury is not required to sustain an IIED claim. Miller, 8 S.W.3d at 615. Rather, a plaintiff need only offer his own testimony, or that of a lay witnesses acquainted with him, which demonstrates the requisite serious mental injury. (Id.) Such proof can include, but is not limited to, evidence of physical manifestations of emotional distress, nightmares, insomnia, depression, or psychiatric treatment. (Id.)

The Court finds that Sawyer's recitation of the proof necessary to sustain a claim for IIED, based on Miller, is accurate. However, he has not come forth with any evidence sustaining that burden and demonstrating that he has in fact suffered serious mental injury as a result of the Defendants' actions. In fact, in response to the Defendant's motion, Sawyer does not even state what, if any mental injuries, he has suffered.[1] When, as here, a motion for summary judgment is supported by documentary proof, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. Because Sawyer has not presented any evidence from which a reasonable juror could find by a preponderance of the evidence that he suffered mental injury as a result of the Defendants'

---

[1]The Court notes that Sawyer's complaint does allege that he endured "emotional and psychological stress" during the encounter. However, the complaint cites only economic and physical damages to him as a result. See Sawyer Compl. ¶ 22 ("Plaintiff sues for economic and physical damages to him, as well as damages for the emotional and psychological stress endured in addition to damages for violations of his constitutional, state law, and civil rights.").

actions, summary judgment for the Defendants on the IIED claim is GRANTED. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.  Plaintiffs' State Law Assault & Battery & Tennessee Constitutional Claims

Defendants next ask the Court to dismiss Plaintiffs' state law assault and battery claims, as well as their claims under the Tennessee Constitution, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).  The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  "A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense." Memphis, Tenn. Area Local, Am. Postal Workers Union v. Memphis, 361 F.3d 898, 902 (6th Cir. 2004).  The Court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) "is based upon whether 'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged."  Osborne v. Bank of Am., Nat'l Ass'n, 234 F.Supp.2d 804, 807 (M.D. Tenn. 2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

### A. Assault & Battery

Hannah and Kosso submit that the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code. Ann. § 29-20-101 et seq., bars Plaintiffs' state law assault and battery claims.  The TGTLA provides that "[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity has been removed by

this chapter." Tenn. Code Ann. § 29-20-310(b). Consequently, "[w]here the City has waived its immunity, municipal employees are granted immunity from suit." Robinson v. City of Memphis, 340 F. Supp. 2d 864, 873 (W.D. Tenn. 2004). Tennessee Code Annotated § 29-20-201(a) provides that "[e]xcept as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). Immunity from suit of governmental entities, however, is removed for the negligent acts or omissions by an employee within the scope of his employment. Tenn. Code Ann. § 29-20-205. The immunity nonetheless remains if the injury occurs as the result of certain intentional torts, including, among others, false imprisonment pursuant to a mittimus from a court, false arrest, infliction of mental anguish, or civil rights. See Tenn. Code Ann. § 29-20-205(2).

Although the intentional torts listed under Tennessee Code Annotated 29-20-205(2) would retain immunity for a municipality, assault and battery are not specifically included in that provision. See Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 84 (Tenn. 2001) (finding that the intentional torts exception in Tenn. Code Ann. 29-20-205(2) does not include assault and battery). Therefore, the City of Memphis is not immune from suit on this claim. Because the City is not immune, officers Hannah and Kosso cannot be held liable for Plaintiffs' state claims of assault and battery. See Robinson, 340 F. Supp. 2d at 873 (holding that when the city does not have immunity under the TGTLA, an employee of the city cannot be sued for damages on the same claim).[2]

---

[2] In its order of April 4, 2004, the Court erroneously found that these individual Defendants could not claim immunity for the intentional tort of assault and battery. As explained above, because assault and battery were not specifically included in the list of intentional torts for which immunity remained in favor of the governmental entity, such immunity for those acts would then be provided to the

B. Plaintiffs' State Constitutional Claims

The Defendants also maintain that Plaintiffs' state constitutional claims fail as a matter of law because the Tennessee courts do not recognize private causes of action for violations of the Tennessee Constitution. In Bowden Building Corporation v. Tennessee Real Estate Commission, 15 S.W.3d 434 (Tenn. Ct. App. 1999), the Tennessee Court of Appeals noted that when a person's federal constitutional rights are violated, she can "maintain a private cause of action for damages against the federal officer, even though no statute expressly creates such a cause of action." Bowden Building Corporation, 15 S.W.3d at 436 (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971)). However, the court stated that "Tennessee . . . has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution." Id. (citations omitted). Similarly, in Cline v. Rogers, 87 F.3d 176 (6th Cir. 1996), the Sixth Circuit, analyzing Tennessee law, concluded that "[t]he plaintiff can state no claim of a state constitutional violation in this case because Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution." Cline, 87 F.3d at 179 (citing Lee v. Ladd, 834 S.W.2d 323 (Tenn. Ct. App.), appeal denied, (Tenn. 1992)); see also Boling v. Gibson County, No. 05-1129, 2005 WL 1936299, *2 (W.D. Tenn. Aug. 1, 2005) ("Tennessee does not recognize an implied private cause of action for alleged violations of the Tennessee Constitution."). Considering that the Plaintiffs did not address their state constitutional claims in response to the instant morion, they may have been abandoned. However, in any case, because the Tennessee courts have not recognized a private right of action

---

governmental employees. See Tenn. Code Ann. § 29-20-310(b). Based on opinions of the Tennessee Supreme Court and this district, the City officers are immune under the TGTLA for assault and battery claims.

for violations of the state constitution, the Court finds that the Defendants' motion is GRANTED with respect to those claims.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss and for summary judgment is hereby GRANTED.

IT IS SO ORDERED this 16th day of February 2006.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE